UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-22776-O'SULLIVAN

[CONSENT]

RICHARD JOHN SCHLEIFE,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.

    Defendant.
_____/

## OMNIBUS ORDER ON MOTIONS IN LIMINE

THIS MATTER is before the Court on the Defendant's Omnibus Motion in Limine (DE# 45, 11/16/20) and the Plaintiff's Motion in Limine to Preclude Reference to Plaintiff's Consumption of Alcoholic Beverages (DE# 46, 11/16/20).

## INTRODUCTION

The parties filed their respective motions in limine on November 16, 2020. See Defendant's Omnibus Motion in Limine (DE# 45, 11/16/20) (hereinafter "Defendant's Motion"); Plaintiff's Motion in Limine to Preclude Reference to Plaintiff's Consumption of Alcoholic Beverages (DE# 46, 11/16/20) (hereinafter "Plaintiff's Motion"). On November 30, 2020, the defendant filed its response in opposition to the Plaintiff's Motion. See Response to Plaintiff's Motion in Limine (DE# 56, 11/30/20) (hereinafter "Defendant's Response"). On March 26, 2021, the plaintiff filed his response in opposition to the Defendant's Motion and his reply in support of his own motion. See Plaintiff's Response to Defendant's Motion in Limine (DE# 67, 3/26/21) (hereinafter "Plaintiff's Response"); Plaintiff's Reply to Defendant's Response to

Plaintiff's Motion in Limine (DE# 68, 3/26/21) (hereinafter "Plaintiff's Reply"). The defendant filed its reply in support of its motion on April 5, 2021. See Defendant's Reply in Support of Its Omnibus Motion in Limine (DE# 69, 4/5/21).

This matter is ripe for adjudication.

## FACTUAL BACKGROUND[1]

The plaintiff was a passenger on board a cruise ship owned and operated by the defendant. See Plaintiff's Complaint for Damages and Demand for Jury Trial (DE# 1 at ¶¶ 10, 24, 7/5/19) (hereinafter "Complaint"). "On September 30, 2018, around 3pm, Plaintiff was walking to his cabin when he slipped and fell on the pool deck. The deck surface was wet, and unreasonably slippery. He landed on the deck chairs, hitting his face." Id. at ¶ 24. The plaintiff was initially treated by the ship's medical staff. Id. at ¶ 25. The plaintiff made multiple requests to be airlifted to a hospital in Miami, Florida. Id. at ¶¶ 27-31. The defendant denied these requests. Id. The following day, at approximately 3:00 AM, the plaintiff was transported to a hospital in Havana, Cuba. Id. at ¶ 32. The plaintiff did not receive medical treatment in Havana until approximately 9:00 AM and was told that he needed surgery. Id. at ¶ 33. The plaintiff refused to have surgery in Havana because "[t]he hospital was dirty, looked unsanitary, and the doctors did not appear competent to treat Plaintiff." Id. At approximately 7:00 PM that evening, the plaintiff flew to the United States. Id. at ¶ 35. The plaintiff underwent emergency eye surgery in Miami. Id. "Plaintiff eventually los[t] the vision in his eye because of the time delay in promptly starting appropriate treatment . . . . Plaintiff suffered extreme physical pain and mental

---

[1] The facts summarized herein are from the Complaint and are included only to provide context. The Court makes no factual findings in this Order.

pain and anguish from the delay in his treatment up to the time he received information about losing the sight in his eye . . . ." Id.

## STANDARD OF REVIEW

Courts have broad discretion in determining the admissibility of evidence. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1243 (11th Cir. 2009). "Motions in limine are generally disfavored" and "[e]vidence is properly excluded only if the evidence is clearly inadmissible for any purpose." Baptista v. Carnival Corp., No. 1:17-CV-22115-KMM, 2018 WL 1226041, at *1 (S.D. Fla. Mar. 5, 2018) (citations and internal quotation marks omitted). "The real purpose of a Motion [i]n Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." Stewart v. Hooters of Am., Inc., No. 8:04-CV-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) (citing Luce v. United States, 469 U.S. 38, 41 (1984)).

## ANALYSIS

I. **Defendant's Omnibus Motion in Limine**

The defendant seeks to exclude the following evidence: (1) prior accidents or incidents; (2) the plaintiff's testimony of hearsay statements made by his doctors regarding his medical diagnosis and treatment and (3) expert testimony by the plaintiff's treating physicians.

A. **Evidence of Prior Accidents or Incidents**

The defendant seeks to exclude evidence of prior slip and fall incidents. See Defendant's Motion at 2-4. During discovery, the defendant produced a list of 21 prior slip and fall incidents which occurred on the pool deck on the subject ship, in the three years preceding the plaintiff's incident. See Defendant's Motion at 2; List of Prior Incidents (DE# 67-4, 3/26/21). The plaintiff

seeks to introduce these prior slip and fall incidents at trial as substantially similar incidents. See Plaintiff's Response at 4-6. The defendant argues that these prior slip and fall incidents are not admissible because the incidents do not meet the substantial similarity standard of admissibility. Defendant's Reply at 3.

The Eleventh Circuit has held that "[e]vidence of similar occurrences may be offered to show a defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, and causation." Hessen for Use & Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc., 915 F.2d 641, 650 (11th Cir. 1990). For prior incidents to be admissible, the Eleventh Circuit requires that: (1) "conditions substantially similar to the occurrence in question must have caused the prior accident" and (2) "the prior accident must not have occurred too remote in time." Jones v. Otis Elevator Co., 861 F.2d 655, 661-62 (11th Cir. 1998). "'Substantial similarity' does not require identical circumstances and allows for some play in the joints depending on the scenario presented and the desired use of the evidence." Sorrels v. NCL (Bahamas) Ltd., 796 F.3d 1275, 1287 (11th Cir. 2015). The purpose of this standard is to "protect[] parties against the admission of unfairly prejudicial evidence, evidence which, because it is not substantially similar to the accident or incident at issue, is apt to confuse or mislead the jury." Tran v. Toyota Motor Corp., 420 F.3d 1310, 1316 (11th Cir. 2005).

"Plaintiff bears the burden of proof to establish that prior incidents occurred under substantially similar conditions to those of Plaintiff's incident." Marshall v. Royal Caribbean Cruises Ltd., No. 0:16-CV-21140-KMM, 2017 WL 5308902, at *9 (S.D. Fla. Jan. 6, 2017), aff'd, 706 F. App'x 620 (11th Cir. 2017) (citing Hessen, 915 F.2d at 649-50). Here, the plaintiff states that he fell in an area of "the pool deck [that] was very wet" and that the defendant had allowed

"large accumulations of water around the pool deck that the Defendant had not addressed prior to [the plaintiff's] fall." Plaintiff's Response at 2. "Plaintiff alleges that the accumulation of large amounts of water on the pool deck that was permitted to stay there without being addressed by the Defendant violated Defendant's own policies against allowing accumulation of water to remain on the deck surface, and posed a safety hazard to the passengers walking on the pool deck." Id. The plaintiff also intends to present expert testimony that the Bolidt deck material used on the surface of "the pool deck is inappropriate because it . . . becomes unreasonably slippery when wet." Id. at 5. The plaintiff argues that the 21 prior slip and fall incidents are substantially similar to the instant case "because they all involve a slip/fall incident on the same Bolidt deck surface that the Plaintiff in this case slipped and fell on." Id.

The Court finds that many of the slip and fall incidents included in the List of Prior Incidents (DE# 67-4, 3/26/21) are not substantially similar to this case. As the defendant notes, "[t]he subject pool deck is a massive area involving many smaller areas where passengers congregate." Motion at 3. Additionally, some of the slip and fall incidents included in the list involve factual scenarios which were different from the instant case. As the defendant notes:

> Some of the produced prior incidents are not substantially similar because the incidents occurred at a different area of the deck and involved a different source of liquid on the floor. Nancy Croshaw slipped by the shower area in which any water on the floor would be coming from the shower rather than the pool water. Similar to Ms. Croshaw, Joan Del Hierro slipped on water that was leaking from a water dispenser on another part of the deck and Holly Gibbs slipped on a puddle that was formed by somebody spilling a drink on the floor. Lily Khodara slipped on some ice cream and Justine Lowry slipped while passing the ice cream machine.

Defendant's Motion at 3.

To be admissible, the plaintiff must show that the conditions of the prior incidents were substantially similar. See Jones, 861 F.2d at 661-62. The plaintiff must show that the proffered

incidents involved slip and falls caused by the accumulation of pool water on the pool deck's surface. The plaintiff has not met his burden of showing substantial similarity because there is simply not enough information about each prior incident in the record for this Court to make a determination.

The defendant's request to exclude evidence of prior incidents is **GRANTED in part**. The plaintiff has not satisfied his burden of showing substantial similarity, other than the presence of a pool deck. The plaintiff has failed to show that the following prior incidents included on the List of Prior Incidents (DE# 67-4, 3/26/21) are substantially similar to the slip and fall conditions present in this case: 2, 3, 4, 5, 8, 9, 10, 13, 16, 17 and 19. With respect to the remaining prior incidents—1, 6, 7, 11, 12, 14, 15, 18, 20 and 21—the plaintiff will need to satisfy his burden of showing substantial similarity before these incidents are admitted as evidence at trial.

    **B.**  **Plaintiff's Testimony of Hearsay Statements Made by Plaintiff's Doctors Regarding Plaintiff's Medical Diagnosis and Treatment**

The defendant seeks to exclude testimony from the plaintiff about hearsay statements made by the plaintiff's doctors regarding the plaintiff's medical diagnosis and treatment. See Defendant's Motion at 4-5. The defendant argues that any testimony at trial by the plaintiff relating to statements made by his doctors regarding the plaintiff's diagnosis, treatment or extent of the plaintiff's injuries should be excluded as inadmissible hearsay. Id.

The plaintiff maintains that the defendant's concerns are merely "anticipatory" and the defendant is operating on an expectation that the plaintiff will be asked questions which would elicit inadmissible hearsay. Plaintiff's Response at 6.

Hearsay statements are inadmissible unless the statements fall under an applicable hearsay exception. Fed. R. Evid. 803. Generally, a witness may not testify to a doctor's

statements on the witness's diagnosis if those statements are offered to prove the truth of the matter asserted, because the doctor's statements are considered "pure hearsay." See United States v. Buck, 70 F.2d 1007, 1007 (5th Cir. 1934).[2] On the other hand, testimony offered to prove a witness's then-existing state of mind is considered admissible hearsay. Fed. R. Evid. 803(3); see United States v. Harris, 733 F.2d 994 (2d Cir. 1984). Thus, if the witness's testimony of his doctors' statements is being offered to prove the witness's then-existing state of mind, the testimony may be admitted.

In the instant case, the plaintiff has asserted a claim for mental anguish. See Complaint at ¶¶ 35, 46, 72, 85. Any information given to the plaintiff by his doctors regarding his loss of vision is admissible under Rule 803(3) to prove the plaintiff's then state of mind and how it affected his resulting action or inaction.

The defendant's request to exclude the plaintiff's own testimony of hearsay statements made by his doctors regarding medical diagnosis and treatment is **DENIED.** The plaintiff may testify as to his doctors' statements so long as the statements are offered to prove the plaintiff's state of mind.

    C.    **Expert Testimony Offered by Plaintiff's Treating Doctors**

The defendant also seeks to exclude the plaintiff's treating doctors as expert witnesses at trial. See Defendant's Motion at 5-7. The plaintiff maintains that the treating doctors who will testify as experts at trial were properly disclosed under Rule 26 of the Federal Rules of Civil Procedure and that the defendant did not object to these witnesses until the defendant filed the instant Motion. See Plaintiff's Response at 8-9.

---

[2] The Eleventh Circuit in Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Under Rule 26, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Additionally, "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the party must provide a report containing a summary of the facts and opinions to which the witness will testify. Fed. R. Civ. P. 26(a)(2)(B).

"A treating physician . . . can be deposed or called to testify at trial without any requirement for a written report." RLI Ins. Co. v. Alfonso, No. 19-60432-CIV, 2021 WL 430720, at *9 (S.D. Fla. Feb. 8, 2021) (citing Fed. R. Civ. P. 26(a)(2)(B) advisory committee's notes (1993)). However, "treating physicians offering opinions beyond those arising from treatment are experts from whom full Rule 26(a)(2)(B) reports are required." Id. Notwithstanding this rule, a party may present the expert's testimony at trial even if the expert failed to provide a Rule 26(a)(2)(B) report if "the failure was substantially justified or is harmless." Id. at *9; Fed. R. Civ. P. 37(c)(1).

Here, the plaintiff provided the defendant with expert witness disclosures on March 6, 2020. See Plaintiff's Expert Witness Disclosures (DE# 67-6, 3/26/21). The plaintiff's expert witness disclosures identified Dr. Rebecca Bartow and Dr. Scott Paulman as expert witnesses who "will provide opinions as to causation, including opinions as to whether the Plaintiff should have been medically evacuated for treatment because he presented with a medical emergency, and will provide opinions whether the failure to evacuate the Plaintiff to a specialist caused any of the injuries." Id. at 1-2. The plaintiff did not file any report under Rule 26(a)(2)(B). However, both treating physicians participated in "two extremely lengthy depositions" where the defendant was able to question these experts. Plaintiff's Response at 9.

Although the plaintiff did not fully comply with Rule 26, there is no prejudice to the defendant because the defendant was fully aware that these doctors will be testifying at trial as experts and had the opportunity to depose them. Moreover, and as discussed below, the plaintiff will be provided with an opportunity to produce the Rule 26(a)(2)(B) reports. See In re Denture Cream Prod. Liab. Litig., No. 09-2051-MD, 2012 WL 5199597, at *6 (S.D. Fla. Oct. 22, 2012) (stating that because the defendant was not prejudiced in any way, the plaintiff's failure to provide a Rule 26(a)(2)(B) report did not preclude the plaintiff from introducing expert testimony at trial so long as the plaintiff submitted the report in a reasonable time).

Additionally, the Court notes that the defendant waited until the filing of the instant Motion to raise plaintiff's failure to provide a Rule 26(a)(2)(B) report. In Kroll v. Carnival Corp., Magistrate Judge Goodman did not strike the expert testimony because—although the plaintiff's efforts to comply with her disclosure obligations were deficient—the defendant improperly withheld its objection until after the discovery deadline. No. 19-23017-CIV, 2020 WL 4926423, at *6 (S.D. Fla. Aug. 20, 2020). Similarly here, the defendant was aware on March 6, 2020 of the treating doctors' designations as expert witnesses to be used at trial. See Plaintiff's Expert Witness Disclosures (DE# 67-6, 3/26/21). As noted above, no objection was made to the experts' designations or to the plaintiff's failure to produce a Rule 26(a)(2)(B report until the filing of the defendant's motion in limine. As in Kroll, the defendant here withheld its objection until it filed a motion seeking to exclude the expert testimony.

The defendant's motion to exclude Dr. Bartow's and Dr. Paulman's expert testimony as to causation and/or prognosis is **DENIED without prejudice**. Within **ten (10) days** of the date of this Order, the plaintiff shall provide Rule 26(a)(2)(B) reports for Dr. Bartow and Dr. Paulman who will testify as experts and fact witnesses. Should the defendant determine it needs to take

additional depositions of Dr. Bartow and Dr. Paulman based on their expert reports, the defendant shall file a motion for additional limited depositions of these treating doctors in their expert roles and shall identify discrete areas of inquiry.

## II.    Plaintiff's Motion in Limine to Exclude Evidence of Alcohol Consumption

The plaintiff seeks to exclude "any testimony, remarks, comments, references, or arguments" related to the plaintiff's alcohol consumption prior to the incident. See Plaintiff's Motion at 3. The defendant argues that evidence of the plaintiff's alcohol consumption is relevant and should not be excluded because the defendant has raised the affirmative defense of comparative negligence. See Defendant's Response at 2-3 (stating that "[i]t is Royal Caribbean's position that Plaintiff's consumption of alcohol, particularly with his medications and the September Caribbean heat, contributed to his fall").

On the day of the incident, there was evidence that the plaintiff consumed at least one alcoholic beverage while ashore in Key West, Florida. Defendant's Response at 2.[3] The plaintiff consumed two additional alcohol beverages, but did not finish one of them, "[w]hile onboard the cruise ship in the hours leading up to the slip and fall on the pool deck." Plaintiff's Reply at 2. The plaintiff also consumed "a little wine" after his accident. Id. Additionally, the ship's doctor stated the plaintiff "had the smell of alcohol on his breath." Id.

Under Rule 401, "evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. The Court may exclude relevant evidence only if "[the] probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury[.]" Fed. R. Evid. 403. Because Rule 403 allows the

---

[3] The defendant cites to exhibits which were not attached to Defendant's Response.

court to exclude probative evidence, "Rule 403 is an extraordinary remedy which should be used sparingly." Milbrath v. NCL Bahamas, Ltd., No. 17-CV-22071-UU, 2018 WL 2021339, at *2 (S.D. Fla. Feb. 28, 2018) (quoting United States v. King, 713 F.2d 627, 631 (11th Cir. 1983)).

In Milbrath, the court denied the plaintiff's motion in limine to exclude evidence of the plaintiff's alcohol consumption because the evidence was relevant to the issue of whether the alcohol consumption may have contributed to the plaintiff's injury. 2018 WL 2021339, at *2. The Court found that although evidence of the plaintiff's alcohol consumption was prejudicial, "[the prejudicial value] [was] outweighed by its probative value as to intoxication, which [was] probative of Plaintiff's exercise of reasonable care, and contributory negligence; essential issues for the jury to decide in a negligence action." Id. The Court reasoned that "[i]ntoxication [was] clearly probative in determining Plaintiff's exercise of reasonable care and contributory negligence, which [were] of consequence in determining [the] negligence action." Id. at *1. Similarly here, the defendant has asserted the affirmative defense of comparative negligence. Whether the plaintiff's alcohol consumption was a factor in the accident is a question for the jury to decide.

Without citing case law, the plaintiff argues that "any evidence of alcohol consumption is irrelevant, and any potential relevancy is outweighed by . . . undue prejudice because the evidence will merely be used to create in the minds of the jury a scenario not supported by the evidence, that Plaintiff slipped and fell because he was intoxicated." Plaintiff's Reply at 2. The Court is not persuaded that evidence that the plaintiff consumed alcohol while on vacation would result in unfair prejudice. See Stewart-Patterson v. Celebrity Cruises, Inc., 12-20902-CIV, 2012 WL 6061750, at *4 (S.D. Fla. Dec. 6, 2012) (noting that because people commonly drink alcohol on cruise ships, the court did not see any unfair prejudice which would outweigh the probative

11

value of the evidence). Moreover, because the defendant has asserted the affirmative defense of comparative negligence, it is up to the jury to determine how much weight, if any, to give to the evidence of the plaintiff's alcohol consumption. See generally Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (noting that it is the role of the jury to make credibility determinations, weigh evidence, and draw inferences from the facts).

The plaintiff's Motion in Limine to exclude any testimony, remarks, comments, references, or arguments related to the plaintiff's alcohol consumption is **DENIED**. Any prejudice towards the plaintiff is outweighed by the probative value of this evidence. It is up to the jury to decide whether alcohol consumption contributed to the plaintiff's injury.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Defendant's Omnibus Motion in Limine (DE# 45, 11/16/2020) is **GRANTED IN PART and DENIED IN PART without prejudice** as follows:

(a.) the defendant's request to exclude evidence of prior incidents is **GRANTED in part and DENIED in part**. The plaintiff has failed to show that the following prior incidents included on the List of Prior Incidents (DE# 67-4, 3/26/21) are substantially similar to the slip and fall conditions present in this case: 2, 3, 4, 5, 8, 9, 10, 13, 16, 17 and 19. With respect to the remaining prior incidents—1, 6, 7, 11, 12, 14, 15, 18, 20 and 21—the plaintiff must first satisfy his burden of showing substantial similarity between the prior incident and the plaintiff's fall before introducing any prior incident at trial;

(b.) the defendant's request to exclude the plaintiff's testimony concerning hearsay statements made by the plaintiff's doctors regarding the plaintiff's medical diagnosis and

treatment is **DENIED**. The plaintiff may testify as to his doctors' statements so long as these statements are introduced to prove the plaintiff's then-existing state of mind and

    (c.)    the defendant's request to exclude Dr. Bartow's and Dr. Paulman's expert testimony as to causation and/or prognosis is **DENIED without prejudice**. Within **ten (10) days** of the date of this order, the plaintiff shall provide Rule 26(a)(2)(B) reports for Dr. Bartow and Dr. Paulman who will testify as experts and fact witnesses. Should the defendant determine it needs to take additional depositions of Dr. Bartow and Dr. Paulman based on their expert reports, the defendant shall file a motion for additional limited depositions of the treating doctors in their expert roles and shall identify discrete areas of inquiry. It is further

ORDERED AND ADJUDGED that the Plaintiff's Motion in Limine to Preclude Reference to Plaintiff's Consumption of Alcoholic Beverages (DE# 46, 11/16/20) is **DENIED**.

DONE AND ORDERED in Chambers, Miami, Florida, this **30th** day of April, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE