UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-22776-O'SULLIVAN

[CONSENT]

RICHARD JOHN SCHLEIFE,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.

    Defendant.

_____/

## ORDER

THIS MATTER is before the Court on the Defendant's Motion for Leave to Allow Dr. Madelyn Jareno Ochoa to Testify by Video Conference at Trial (DE# 72, 4/14/21).

## INTRODUCTION

On April 14, 2021, the defendant filed the instant motion. See Defendant's Motion for Leave to Allow Dr. Madelyn Jareno Ochoa to Testify by Video Conference at Trial (DE# 72, 4/14/21) (hereinafter "Motion"). The plaintiff filed his response on April 23, 2021. See Plaintiff's Response to Defendant's Motion for Leave to Allow Dr. Madelyn Jareno Ochoa to Testify by Video Conference at Trial (DE# 80, 4/23/21) (hereinafter "Response"). The defendant filed its reply on April 30, 2021. See Defendant's Reply in Support of Its Motion for Leave to Allow Dr. Madelyn Jareno Ochoa to Testify by Video Con[f]erence at Trial (DE# 85, 4/30/21) (hereinafter "Reply").

This matter is ripe for adjudication.

## ANALYSIS

The defendant seeks leave of court to permit Madelyn Jareno Ochoa, M.D., to testify by video conference at trial. Motion at 1. Dr. Ochoa was the Havana-based ophthalmologist who examined the plaintiff the day after his accident. Id. The defendant states that Dr. Ochoa recommended immediate eye surgery and "inform[ed] Plaintiff that he would likely lose visual acuity in his left eye if he did not undergo the surgery in Cuba." Id.

The defendant argues that Dr. Ochoa should be "allowed to testify by video conference at trial because of the difficulties caused by COVID-19 and the strained international relations between the United States and Cuba." Motion at 2. Specifically, the defendant notes that:

> Dr. Ochoa resides in Havana, Cuba. Given international travel restrictions imposed by countries dealing with COVID-19, it will be difficult, if not impossible, for Dr. Ochoa to travel to Miami, Florida for trial. Even assuming that Dr. Ochoa would be permitted to travel to Miami, she would face the risk of contracting COVID-19 during her travel. Further complicating matters, international relations issues between the United States and Cuba remain strained at best. Dr. Ochoa would need to apply for a visa, and there are no guarantees that she would receive one.

Id.

The defendant asserts that "[s]ince the onset of COVID-19, Courts have routinely held that witnesses could testify by video conference" and that one judge in the Southern District of Florida presided over a nonjury trial by videoconference. Motion at 3 (citing Toland v. Phoenix Insurance Company, No. 20-12556 2021 WL 1201737 at *4 (11th Cir. March 4, 2021), Radke v. NCL (Bahamas) Ltd., No. 19-cv-23915, 2021 WL 827008 at *2 (S.D. Fla. March 4, 2021) and Lucas v. Royal Caribbean Cruises, Ltd., No. 19-20914-Civ-Scola,

2020 U.S. Dist. LEXIS 97568, at *2 n.1 (S.D. Fla. June 1, 2020) (holding bench trial by videoconference)). The defendant further asserts that it would be "unfairly prejudiced without Dr. Ochoa testifying by video conference" because "Dr. Ochoa is a key witness for Royal Caribbean" in that "[s]he examined Plaintiff's eye at a critical moment in the progression of his injury." Id.

The plaintiff opposes the relief requested. At the outset, the plaintiff notes that the defendant failed to confer with the plaintiff prior to filing the instant Motion. See Response at 1 (stating that "contrary to the good faith certification stating defense counsel had conferred with the undersigned about the motion, this is untrue. Neither the undersigned, nor anyone from our office was consulted about the motion before filing.") In its Reply, the defendant states that the failure to confer with the plaintiff's counsel was due to a misunderstanding:

> The three attorneys representing Royal Caribbean have independently discussed the case with Plaintiff's counsel. It was the undersigned's understanding that one of Royal Caribbean's other counsels of record had verbally discussed the Motion with Plaintiff's counsel and he objected to the relief sought. Thus, in good faith, the undersigned noted in Royal Caribbean's Motion that counsel for Royal Caribbean had conferred with Plaintiff's counsel and Plaintiff was opposed to the relief.

Reply at ¶ 6. The Court accepts the defendant's explanation for its inaccurate certificate of conferral.

The plaintiff also takes issue with one of the reasons provided by the defendant for permitting Dr. Ochoa to testify by videoconference—the strained relations between the United States and Cuba—noting that "Plaintiff, with an open eye, bleeding and requiring urgent specialized care, was taken by Defendant to Cuba for treatment despite the vessel being in close proximity to the United States[.]" Response at ¶ 2. Whether the

3

defendant acted reasonably in taking the plaintiff to Cuba for medical treatment and whether the plaintiff acted reasonably in refusing medical care in Cuba are issues for the jury to decide at trial. The suitability of Cuba's healthcare system is not germane to the issue of whether Dr. Ochoa should be permitted to testify by videoconference at trial.

The plaintiff further objects to the instant Motion on the ground that "Defendant has no justification for the late disclosure and request to allow this witness to testify at all, whether by video conference or live." Response at ¶ 3. The plaintiff states that "it would be prejudicial to the Plaintiff to allow this witness to now testify at trial after failing to list her as a witness until April 13, 2021, past the discovery cut off date, and well past the date for disclosure of witnesses." Id. at ¶ 7.

The plaintiff also objects to the lack of an expert witness report for Dr. Ochoa and the limited medical records produced by the defendant in the instant case. Response at ¶ 4 (stating that the defendant produced a one-page medical record, the defendant's corporate representative "did not provide any information regarding the facilities in Cuba or treatment, other than [the one-page medical record], and testi[fied] that Defendant had very little experience with medical care and treatment in Cuba"); id. at ¶ 5 (stating that "[t]o date Defendant provided no reports or disclosure about any testimony regarding this witness. This late disclosure is total sandbagging[.]").

In its Reply, the defendant argues that the plaintiff "has known that Dr. Ochoa would likely be called as a witness at trial since the onset of discovery." Reply at 1. In support of this argument, the defendant attaches the parties' fact witness lists. See

Plaintiff's Fact Witness List for Trial (DE# 85-1, 4/30/21); Defendant's Fact Witness List (DE# 85-2, 4/30/21).

The parties exchanged fact witness lists on January 31, 2020. See Plaintiff's Fact Witness List for Trial (DE# 85-1, 4/30/21); Defendant's Fact Witness List (DE# 85-2, 4/30/21). The plaintiff's fact witness list includes Dr. Madelydareno [sic] Ochoa. See Plaintiff's Fact Witness List for Trial (DE# 85-1 at ¶ 8, 4/30/21). The defendant's fact witness list includes "[a]ll persons listed on Plaintiff's Witness List." Defendant's Fact Witness List (DE# 85-2 at ¶ 8, 4/30/21). The defendant further states that it intends to call Dr. Ochoa only as a fact witness at trial and not as an expert witness. Reply at 5.

Given that the plaintiff listed Dr. Ochoa in his fact witness list and that the defendant indicated in its fact witness list that it intended to call all persons listed on the plaintiff's list, the Court does not find that Dr. Ochoa was belatedly disclosed as a fact witness. The record does not support the plaintiff's claim of "sandbagging," particularly given the defendant's assurance that Dr. Ochoa will only be called as a fact witness.

Rule 43(a) states as follows:

> **(a) In Open Court**. At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. **For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.**

Fed. R. Civ. P. 43(a) (emphasis added). The Court has discretion under Rule 43(a) to permit witnesses to provide virtual testimony. See Toland v. Phoenix Ins. Co., No. 20-12556, 2021 WL 1201737, at *4 (11th Cir. Mar. 30, 2021) (stating that "[t]he district court's decision to hold the hearing via videoconference in light of the pandemic was within its discretion under Rule 43.").

5

The defendant has not presented the Court with any record evidence of "international travel restrictions imposed by countries dealing with COVID-19" or "international relations issues between the United States and Cuba." Motion at 2. Nonetheless, the Court takes judicial notice of the ongoing global pandemic. Recently, a court in the Middle District of Florida granted motions to permit two witnesses "to testify at trial virtually." <u>Novello v. Progressive Express Ins. Co.</u>, No. 8:19-CV-1618-KKM-JSS, 2021 WL 1597937, at *2 (M.D. Fla. Apr. 23, 2021).

The court in <u>Novello</u> determined "that good cause for allowing virtual testimony exist[ed] in . . . light of the ongoing COVID-19 pandemic and the witnesses' circumstances, including their failure to be timely vaccinated and their underlying health conditions." 2021 WL 1597937, at *1. The court further noted that it was not possible to "predict when the pandemic [would] end or when [the witnesses'] concerns [would] be alleviated such that they would be able to testify in person. This inherent uncertainty counsel[ed] against indeterminately delaying trial, especially considering the age of [the] case." <u>Id.</u> The court also found that testifying by video provided sufficient safeguards:

> appropriate safeguards will be utilized for the witnesses' testimony. Both [witnesses] will testify by video, which allows the jury to observe and evaluate the witnesses' demeanors and facial expressions during their testimony. And both Plaintiff and Defendant will have the opportunity to examine [the witnesses] using the same video platform, ensuring that the method and opportunity for examination is the same.

<u>Id.</u>

Although the motions in <u>Novello</u> were unopposed, the plaintiff in the instant case does not raise any arguments concerning the adequacy of video testimony at trial or the health concerns raised by the global pandemic. The

plaintiff's objections to Dr. Ochoa testifying by videoconference at trial are based on the defendant's failure to confer, the lack of an expert witness report, scarce medical records from Cuba and the defendant's purportedly belated disclosure of Dr. Ochoa as a witness. The Court has already addressed these concerns above.

The Court finds that good cause exists for allowing Dr. Ochoa to testify virtually at trial in light of the health concerns posed by the global pandemic.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Defendant's Motion for Leave to Allow Dr. Madelyn Jareno Ochoa to Testify by Video Conference at Trial (DE# 72, 4/14/21) is **GRANTED**.

DONE AND ORDERED in Chambers, Miami, Florida, this __4th__ day of May, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE